Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000036
14-FEB-2014
07:56 AM

NO. CAAP-13-0000036

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRANDAN GRILHO, Defendant-Appellant,
and
WILLIAM ROSA, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 09-1-0067)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Brandan Grilho (**Grilho**) appeals from the December 19, 2012 "Order of Re-Sentencing; Revocation of Probation; Mittimus; Warrant of Commitment to Jail" (**Re-Sentencing Order**) entered in the Circuit Court of the First Circuit[1] (**circuit court**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Grilho points of error as follows:

(1) Grilho contends the circuit court abused its discretion to revoke his probation under Hawaii Revised Statutes

---

[1] The Honorable Steven S. Alm presided.

(HRS) § 706-625 (Supp. 2013) because his probation violations were not "substantial[.]" The terms and conditions of Grilho's probationary status included requirements that Grilho: (1) follow all reasonable instructions given him by his probation officer; and (2) "[s]ubmit to urinalysis . . . **a positive finding or a failure to provide a specimen within two hours of instruction may be considered prima facie evidence of probation violation**[.]" On numerous occasions, Grilho failed to submit to urinalysis; when submitted, his urinalysis resulted in positive findings; and he failed to report to his probation officer as instructed. Grilho's repeated violation of the terms and conditions of his probation constituted "justifiable cause" for the circuit court's Re-Sentencing Order and we decline to disturb that order on appeal. See State v. Yamamoto, 79 Hawai'i 511, 514, 904 P.2d 525, 528 (1995) (an appellate court must not disturb a circuit court's decision to revoke a defendant's probation if the record reflects justifiable cause for the revocation).

(2) Grilho also contends the circuit court should have considered whether he posed a danger to the community and found that his drug abuse problem posed such a danger. State v. Wong, 73 Haw. 81, 86, 829 P.2d 1325, 1327, opinion amended on reconsideration, State v. Wong, 73 Haw. 625, 831 P.2d 935 (1992). The circuit court stated that Grilho has had a "long history" with methamphetamine drug use, "[a]nd that always leads to crime, almost always. Okay. And that's why people rip off cars, to get money to buy drugs." The circuit court did consider whether Grilho posed a danger to the community.

(3) Grilho further contends the circuit court's revocation of his probationary status constitutes reversible error because it is contrary to a legislative policy favoring the withholding of imprisonment when appropriate. In support of his contention, Grilho cites State v. Viloria, 70 Haw. 58, 62, 759 P.2d 1376, 1379 (1988). However, Viloria states that

imprisonment is one of three options the court has when the terms of probation have been violated.  Id.

Therefore,

IT IS HEREBY ORDERED that the December 19, 2012 "Order of Re-Sentencing; Revocation of Probation; Mittimus; Warrant of Commitment to Jail" entered in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 14, 2014.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3